*624 OPINION.
Tettssell:
The Revenue Act of 1921, section 326 (a), provides that there shall be included in invested capital “(1) actual cash bona fide paid in for stock or shares; (2) actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, * * *.” Section 325 of the same Act provides that “ The term ‘ tangible property ’ means stocks, bonds, notes, * * There is no question but that the taxpayer had a statutory invested capital of $100,000 on August 24, 1920, and no issue has been raised relative therto. The first issue involves the correctness of respondent’s action in reducing that statutory invested capital for the year 1921 by the amount of $51,001.35.
The record does not disclose how the taxpayer sustained the alleged deficit in amount of $51,001.35 after operation for about four months, and from the facts of record it would appear that no such deficit existed except through erroneous bookkeeping. However, in this proceeding the actual amount of the operating deficit is immaterial. *625 The facts are that the taxpayer did set up on its balance sheet of Dec' inber 31, 1920, the amount of $51,001.35 as an operating deficit, and it appears that respondent assumed that that amount represented a partial liquidation and a corresponding reduction of invested capital. The respondent reduced the taxpayer’s invested capital for 1921 from $100,000, as reported on its return, to $48,998.65, which action resulted in the deficiency asserted in the amount of $1,248.64.
The facts of record disclose that during the existence of the taxpayer it retained all of the assets which it had purchased from its predecessors; that it retained all of its paid-in capital; that it did not partially liquidate, and that it paid no dividends of any kind until a final liquidating dividend of $40,000 was paid to each of petitioners after the assets v7ere sold and the taxpayer was dissolved in August, 1923. The deficit was an operating deficit and until August, 1923, there was no return of capital invested by the petitioners, either directly or indirectly.
During the year 1921 the amount invested by petitioners in the taxpayer remained unchanged and section 326 of the Revenue Act of 1921 makes no provision for the reduction of invested capital of a corporation by the amount of an operating deficit. We are of the opinion that respondent erred in reducing the taxpayer’s invested capital for the year 1921 by the amount of $51,001.35. Cf. Guarantee Construction Co., 2 B. T. A. 1145.
Petitioners have contested the liability of the taxpayer for any additional taxes and we are led to the conclusion .that there is no deficiency in the tax liability of the taxpayer, the Gadsden Ice & Coal Co., for the year 1921, and accordingly there is no liability on the part of the petitioners herein as transferees under section 280 of the Revenue Act of 1926.

Judgment of no liability will be entered for 'petitioners.